UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TYRONE JONES (#103757) | CIVIL ACTION |
| VERSUS | |
| DIRECTOR LESLIE SCHMIDT, ET AL. | NO. 13-0685-JJB-RLB |

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on November 7, 2014.

    RICHARD L. BOURGEOIS, JR.
    UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**TYRONE JONES (#103757)**                                    **CIVIL ACTION**

**VERSUS**

**DIRECTOR LESLIE SCHMIDT, ET AL.**                           **NO. 13-0685-JJB-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' Motions for Summary Judgment (R. Docs. 14 and 15). These Motions are not opposed.

The *pro se* plaintiff, an inmate currently incarcerated at Dixon Correctional Institute ("DCI"), Jackson, Louisiana, and previously incarcerated at Allen Correctional Center ("ACC"), Kinder, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against ACC Health Services Administrator Angela Easom and DCI Director of Nursing Leslie Schmidt, complaining that the defendants have violated his constitutional rights through deliberate indifference to his serious medical needs, specifically by failing to provide appropriate treatment and/or surgical intervention for his recurring complaints regarding a hernia.

The defendants move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, a Statement of Uncontested Facts, a copy of Requests for Admission propounded to the plaintiff by defendant Leslie Schmidt on April 3, 2004, and the affidavits of Dr. Gehrig Harris and defendants Leslie Schmidt and Angela Easom.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to

judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, the plaintiff alleges that in December, 2012, while he was then incarcerated at ACC, he was diagnosed with "a hernia to the left side of his groin area." He

complains that he thereafter made numerous sick call requests, but his condition continued to worsen, such that he allegedly "couldn't make a bowel movement" and was experiencing pain in his right leg that was making it "hard for [him] to walk."  In March, 2013, the plaintiff was apparently transferred from ACC to DCI, where he is currently confined.  He prays for "proper medical attention for this hernia" and for monetary damages for the pain and suffering caused by the "neglect" of the ACC and DCI medical staff.  The plaintiff also complains that a co-inmate at ACC with a similar complaint was able to obtain surgical intervention for a hernia within mere weeks of making an initial complaint.

In response to the plaintiff's claims, the defendants assert that the plaintiff has failed to allege sufficient personal involvement on their part in the events complained of.  In this regard, in order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).  Any allegation that the defendants are responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983.  *See Ashcroft v. Iqbal*, *supra*, 556 U.S. at 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).  *See also Bell v. Livingston*, 356 Fed. Appx. 715, 716-17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability").  Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights has occurred as a result of a subordinate's implementation of the

supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. *Lozano v. Smith*, *supra*, 718 F.2d at 768.

Applying the foregoing standard, and upon a review of the plaintiff's Complaint and other available documentation, it appears that the plaintiff has failed to sufficiently allege or show that either of the defendants has undertaken any action which may be characterized as a violation of the plaintiff's constitutional rights. Specifically, the plaintiff makes no factual allegations whatever regarding either defendant and makes no assertion that either defendant has had any direct or personal involvement in the plaintiff's medical care or treatment. Further, the plaintiff's identification of the defendants as being the ACC "Health Service Administrator" and the DCI "Director of Nursing," respectively, suggests that these defendants occupy principally supervisory roles at the named facilities. The defendants have each provided affidavits attesting that they their duties are primarily supervisory in nature and that they have not been directly involved in the plaintiff's care. These affidavits have not been refuted by the plaintiff. Accordingly, in the absence of any allegation regarding the direct involvement of the defendants in the events complained of and in the absence of any allegation regarding the implementation of any alleged wrongful policy at either facility, the plaintiff's claim asserted against the defendants is without legal or factual foundation, and the defendants are entitled to judgment as a matter of law in connection with this proceeding.[1]

Further, in the alternative, the Court concludes that the plaintiff has failed to adequately

---

1. The Court further notes that the plaintiff apparently failed to provide a timely response to Requests for Admission propounded by defendant Leslie Schmidt. *See* R. Doc. 13. Inasmuch as a failure to respond to a Request for Admission results in the matter addressed therein being deemed admitted, *see* Fed. R. Civ. P. 36(a)(3) and (b), it is now conclusively established in this case that defendant Schmidt "has had no direct personal participation in [the plaintiff's] patient care" during the period of the plaintiff's confinement at DCI.

state a claim of deliberate medical indifference in violation of the Eighth Amendment to the United State Constitution in any event. In this regard, an inmate who seeks to assert a claim regarding inadequate medical care under § 1983 must be able to show that appropriate medical care has been denied and that the denial has constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir. 1985). Whether the plaintiff has received the treatment or accommodation that he believes he should have is not the issue. *Estelle v. Gamble, supra*. Nor do negligence, neglect, medical malpractice or unsuccessful medical treatment give rise to a § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839-30 (1994). As stated in *Farmer*, to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. The deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001), *quoting Estelle v. Gamble, supra*. Further, a mere delay in providing treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Applying the foregoing principles, the Court finds that the plaintiff has failed to allege facts or produce evidence suggesting that either defendant has exhibited deliberate indifference

to his serious medical needs.  In the first place, the plaintiff has only made reference in his Complaint to unspecified "neglect" by ACC and DCI medical personnel and, as noted above, mere neglect is not sufficient to support a claim arising under § 1983.  Further, the plaintiff has alleged no facts whatever regarding any alleged deficiencies regarding his medical care at DCI, and as for such care at ACC, it appears from the evidence adduced by the defendants that the plaintiff's complaints were not ignored and that he is merely expressing unhappiness with the care that was deemed appropriate by ACC medical personnel.  According to the affidavit of Dr. Gehrig Harris, a review of the plaintiff's medical records reflects that he first made a complaint of groin pain on December 29, 2012, at which time he was evaluated by a nurse and referred for an examination by a physician or nurse practitioner.  That consultation subsequently occurred on January 7, 2013, at which time the plaintiff was diagnosed by a nurse practitioner with an inguinal hernia that was "reducible," meaning that the hernia "could be gently manipulated back into the groin" and did not require surgery.  The nurse practitioner prescribed medication and a scrotal support, issued the plaintiff a limited duty status, and instructed the plaintiff to return if his condition worsened.  The plaintiff again requested medical attention on January 28, 2013, reporting a worsening of his symptoms, and was seen by the nurse practitioner on January 30, 2013.  The medical provider again determined that the plaintiff's hernia was reducible, and she continued the plaintiff's medication and limited duty status.  Finally, the plaintiff requested medical attention on February 26, 2013, reporting that his pain had intensified.  Upon an examination at that time, the nurse practitioner referred the plaintiff for an evaluation at the Chronic Care Clinic at the Huey P. Long Medical Center in Pineville, Louisiana.  On March 4, 2013, however, before that appointment could be scheduled, the plaintiff was transferred from ACC to DCI.  Further, as noted above, the plaintiff has provided no allegations whatever

regarding the medical care that he has thereafter received at DCI.

Based on the foregoing, the Court determines that the plaintiff has failed to allege facts suggesting that either of the defendants, or any medical provider at ACC or DCI, for that matter, has exhibited deliberate indifference to his serious medical needs. Specifically, the plaintiff has not sufficiently alleged that he has ever exhibited a medical need that was sufficiently serious or that was ignored at either facility. Nor has the plaintiff sufficiently alleged that he has otherwise presented objective symptomatology sufficient to alert medical providers to a "substantial risk of serious harm" that they disregarded. To the contrary, the evidence adduced by the defendants suggests that the plaintiff's complaints have in fact been addressed by health care providers. And although the plaintiff apparently believes that surgery is appropriate for his condition, courts have often found that a failure to undertake surgical intervention for a reducible hernia is not deliberate indifference to a serious medical need. *See, e.g., Clark v. Adams*, 233 Fed. Appx. 400 (5th Cir. 2007) (upholding the dismissal, as frivolous, of an inmate's claim regarding a failure to provide surgical intervention for a reducible hernia); *Mesa v. Kasule*, 2013 WL 2151706 (E.D. Tex. May 15, 2013) (dismissing an inmate's claim regarding non-surgical treatment of his hernia as frivolous). In short, therefore, there is no suggestion in the record that medical personnel have refused to treat the plaintiff, have ignored his symptoms or complaints, have intentionally treated him incorrectly or have otherwise engaged in conduct reflecting a wanton disregard for a serious medical need. On the showing made, therefore, the defendants are entitled to summary judgment in connection with the plaintiff's claims.

Finally, in the context of a motion for summary judgment, it is well-settled that a plaintiff may not rest upon mere allegations or assertions contained in his Complaint in opposing a properly supported motion. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 324. Specifically, Rule

56 requires that, in response to such a motion, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* When a party does not file an opposition to a motion for summary judgment, the Court is permitted to consider the facts in support of the motion as undisputed and to grant summary judgment if the facts show that the movant is entitled to judgment in his favor. *See Jegart v. Roman Catholic Church Diocese of Houma - Thibodaux*, 384 Fed. Appx. 398, *2 (5th Cir. 2010). Stated another way, in order to meet his burden of proof, the party opposing a motion for summary judgment "may not sit on its hands, complacently relying" on the pleadings. *Weyant v. Acceptance Insurance Co.*, 917 F.2d 209, 212 (5th Cir. 1990). In the instant case, despite notice and an opportunity to appear, the plaintiff has not come forward with any opposition to the defendants' Motions for Summary Judgment or to the documentary evidence produced in support thereof. Other than the conclusory allegations of the plaintiff's Complaint, unsworn and unsupported by corroborating evidence, there is nothing before the Court which tends to support his assertion that he has been subjected to deliberate medical indifference. What is before the Court for consideration is evidence reflecting that the plaintiff has been seen by medical personnel and has been provided with medication and treatment deemed appropriate to ameliorate his symptoms. Accordingly, based upon the foregoing and upon the plaintiff's failure in this case to oppose the defendants' Motions for Summary Judgment, failure to designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, and failure to produce supporting evidence on his own behalf, the Court concludes that the defendants' Motions are well-taken and that, on the record before the Court, the defendants are entitled to summary judgment as a matter of law.

## RECOMMENDATION

It is recommended that the defendants' Motions for Summary Judgment (R. Docs. 14 and 15) be granted, dismissing the plaintiff's claims asserted against the defendants, with prejudice, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on November 7, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**